JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :     **SEALED INDICTMENT**

        - v. -                     :
                                         19 Cr. ___
JAMES T. BOOTH,                    :
                                         **19 CRIM 699**
            Defendant.             :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 30 2019

**COUNT ONE**
**(Securities Fraud)**

The Grand Jury charges:

**RELEVANT INDIVIDUALS AND ENTITIES**

1.    At all times relevant to this Indictment, JAMES T. BOOTH, the defendant, was the owner and operator of a financial services firm named Booth Financial Associates ("Booth Financial"). Founded in 1989, Booth Financial provided advisory services to individuals and small businesses and sold insurance products. Booth Financial maintained its primary office in Norwalk, Connecticut, and another office in Saranac Lake, New York.

2.    From in or about February 2018 through in or about May 2019, Booth Financial served its investment advisory clients and brokerage customers by using the trading platform of a national independent broker-dealer ("Firm-1"). JAMES T. BOOTH, the defendant, was a registered representative of Firm-1

during this time period. From in or about 2005 through in or about February 2018, Booth Financial also served its investment advisory clients and brokerage customers through the trading platform of another national independent broker-dealer ("Firm-2"). BOOTH also was a registered representative of Firm-2 during this time period.

### THE SCHEME TO DEFRAUD

3. From at least in or about 2013 through in or about 2019, JAMES T. BOOTH, the defendant, solicited money from clients of Booth Financial and falsely promised to invest their money in securities offered outside of their ordinary advisory and brokerage accounts. Specifically, BOOTH directed certain of his clients to write checks or wire money to an entity named "Insurance Trends, Inc." Instead of investing his clients' funds, BOOTH, who controlled Insurance Trends, Inc.'s bank account, subsequently misappropriated his clients' funds to pay his personal and business expenses.

4. In total, JAMES T. BOOTH, the defendant, raised approximately $4.9 million from approximately 40 investors. BOOTH lured many of his victims with false promises of safe investments with high returns. For example:

    a. BOOTH convinced a recently-widowed elderly investor ("Investor-1") to move money she had received from her

2

late husband's pension into Insurance Trends, Inc. BOOTH falsely promised Investor-1 that she would have $1 million by the time she was 100 years old. As a result of BOOTH's false assurances, Investor-1 invested more than $600,000 with BOOTH.

        b.    BOOTH similarly convinced another investor ("Investor-2") to move his money into an investment product that, according to BOOTH, would never lose its principal and would grow with the market. Based on this false representation, Investor-2 moved money he had set aside for his child's college expenses, at least approximately $60,000, to BOOTH. BOOTH subsequently failed to provide Investor-2 with documentation of his investment or to allow Investor-2 to redeem his investment.

        c.    BOOTH convinced another elderly investor ("Investor-3") to withdraw money from an annuity established for the care of his disabled sibling, approximately $18,000, and invest that money with BOOTH. Investor-3 gave the money to BOOTH with the understanding that BOOTH would invest that money for the benefit of Investor-3's sibling's continued care.

        5.    To prevent investors from seeking a return of their money, and to induce additional investments, JAMES T. BOOTH, the defendant, provided investors with fabricated account statements that falsely indicated that BOOTH had purchased certain securities on their behalf and that those investments

had generated a profit. BOOTH further concealed the truth from investors by using money obtained from new investors to make redemption payments to previous investors, in Ponzi-like fashion.

6. On or about May 29, 2019, a representative of Firm-1 ("Representative-1") spoke with JAMES T. BOOTH, the defendant. In talking with Representative-1, BOOTH admitted to stealing money from his advisory clients and brokerage customers in order to pay for his personal and business expenses and to repay previous investors. Firm-1 subsequently terminated BOOTH.

7. On or about June 14, 2019, JAMES T. BOOTH, the defendant, responded to an inquiry from the Financial Industry Regulatory Authority ("FINRA") regarding his investment advisory activity with Firm-1, among other things. In his response, BOOTH stated, in sum and substance, that he had been operating a Ponzi scheme, that he used Insurance Trends, Inc. to funnel stolen investor assets to bank accounts he controlled, and that he provided investors with fabricated account statements listing assets he purportedly purchased on their behalf.

### Statutory Allegations

8. From at least in or about 2013 through in or about 2019, in the Southern District of New York and elsewhere, JAMES T. BOOTH, the defendant, willfully and

4

knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, BOOTH engaged in a scheme to defraud customers of Booth Financial by falsely representing to those customers that money sent to Insurance Trends, Inc. would be invested on their behalf, when in truth and in fact, BOOTH misappropriated the money to pay for his personal and business expenses.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; Title
18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9. The allegations contained in paragraphs 1 through 7 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

10. From at least in or about 2013 through in or about 2019, in the Southern District of New York and elsewhere, JAMES T. BOOTH, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, BOOTH, through the use of interstate wires, engaged in a scheme to defraud customers of Booth Financial by falsely representing to those customers that money sent to Insurance Trends, Inc. would be invested on their behalf, when in truth and in fact, BOOTH misappropriated the money to pay for his personal and business expenses.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
(Investment Adviser Fraud)

The Grand Jury further charges:

11.  The allegations contained in paragraphs 1 through 7 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

12.  From at least in or about 2013 through in or about 2019, in the Southern District of New York and elsewhere, JAMES T. BOOTH, the defendant, willfully and knowingly used the mails and other means and instrumentalities of interstate commerce, directly and indirectly, (a) to employ a device, scheme, and artifice to defraud clients and prospective clients; (b) to engage in a transaction, practice, and course of business which operated as a fraud and deceit upon clients and prospective clients; and (c) to engage in an act, practice, and course of business which was fraudulent, deceptive, and manipulative, to wit, while BOOTH served as an investment adviser to customers of Booth Financial, BOOTH engaged in a scheme to defraud customers of Booth Financial by falsely representing to those customers that money sent to Insurance Trends, Inc. would be invested on their behalf, when in truth

and in fact, BOOTH misappropriated the money to pay for his personal and business expenses.

(Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

13. As a result of committing one or more of the offenses charged in Counts One through Three of this Indictment, JAMES T. BOOTH, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

14. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the

8

Court;

        (d) has been substantially diminished in value; or

        (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981,
    Title 21, United States Code, Section 853, and
      Title 28, United States Code, Section 2461.)

_[signature]_ 9/27/19
FOREPERSON

_[signature]_ Geoffrey S. Berman /pw
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMES T. BOOTH,

Defendant.

SEALED INDICTMENT

19 Cr.

(15 U.S.C. §§ 78j(b), 78ff, 80b-6 and 80b-17; 17 C.F.R. 240.10b-5; 18 U.S.C. §§ 1343 & 2.)

GEOFFREY S. BERMAN
United States Attorney.

*[signature] 9/27/19*

TRUE BILL, SEALED INDICTMENT & Arrest Warrant
MAG. RW LEHRBURGER 9-27-19