UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        - against -

JAMES T. BOOTH,

                Defendant.

19 Cr. 699 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

The defendant, James T. Booth, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and, in the alternative, to reduce his sentence to home confinement. For the reasons explained below, the motion is **denied**.

I.

The defendant was convicted pursuant to his plea of guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff based on his defrauding more than 5 victims of total proceeds exceeding $4 million. At a sentencing hearing on November 17, 2020, the Court determined that the Guideline Sentencing Range for the defendant was 121 to 151 months. However, the Government and the defendant had stipulated to a Guideline Sentencing Range of 78 to 97 months' imprisonment, and the Probation Department had recommended a sentence of 60 months' imprisonment. After considering all of the relevant sentencing factors, including the defendant's age of 75, his health condition including his diabetes, and the support of his family, the Court downwardly

1

varied from the Sentencing Guidelines principally to a sentence of 42 months' imprisonment. The defendant began serving his sentence at FCI Otisville Satellite Camp ("Otisville") on June 6, 2021.

On January 10, 2022, the defendant applied for compassionate release from the Warden at Otisville, but that request was denied on February 24, 2022.

## II.

Section 3582(c)(1)(A)(i) provides that a district court may reduce a sentence after considering the factors set forth in section 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated "extraordinary and compelling reasons" that justify the sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The factors in section 3553(a) are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of sentencing; (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

The Court of Appeals for the Second Circuit recently has made clear that a district court has broad discretion in

2

determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237–38 (quoting 28 U.S.C. § 994(t)).

### III.

The defendant has exhausted his administrative remedies because he has sought compassionate release from the Warden at Otisville, and that request has been denied. However, the defendant has failed to show that he should be released at this time.

First, while the defendant argues that he has shown "extraordinary and compelling reasons" for his release from imprisonment given his age, physical condition (particularly his diabetes), and the risk that he will contract COVID-19 while incarcerated at Otisville, there is substantial doubt that these reasons are sufficiently "extraordinary and compelling" to support his immediate release. The defendant has been fully vaccinated against COVID-19, including a COVID-19 booster shot, and the Government reports that only one inmate and three staff members at Otisville have recently tested positive for COVID-19, an indication that COVID-19 is currently well-controlled at the

facility. This factor is therefore not significantly compelling. See United States v. Pabon, No. 17-cr-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (noting that the fact that a defendant's facility had "barely any cases of COVID-19 at present," together with the fact that the defendant was fully vaccinated against COVID-19, "means that the likelihood that [the defendant] will contract COVID-19 and become seriously ill is extremely small," and does not constitute an "extraordinary and compelling" reason justifying his early release from prison). And neither the defendant's age nor his medical condition are sufficient to constitute "extraordinary and compelling reasons" for compassionate release at this time. See, e.g., United States v. Mallay, No. 02-cr-778, 2021 WL 5718301, at *8 (E.D.N.Y. Dec. 1, 2021).

In any event, the section 3553(a) factors weigh strongly against compassionate release in this case. The defendant committed a substantial fraud with numerous victims. The Court carefully weighed all of the section 3553(a) factors and imposed a sentence of principally 42 months' imprisonment. The Court specifically took the defendant's age and physical condition into account and imposed a sentence that was substantially below the Guideline Sentencing Range, the parties' agreed upon sentencing range, and the Probation Department's recommendation. The defendant has served less than one-third of the sentence

that the Court found was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in section 3553(a)(2). There is nothing in the defendant's submission that suggests that the Court misapplied the section 3553(a) factors or that anything has transpired after the sentence was imposed that justifies the reduction in the defendant's sentence. The motion for compassionate release is therefore **denied.**

To the extent that the defendant seeks to have the Court require the Bureau of Prisons to permit the defendant to serve the remainder of his sentence in home confinement, that is a decision that is committed to the Bureau of Prisons, and the Court lacks the authority to require the Bureau of Prisons to take such action. See United States v. Konny, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020). The Court appreciates that it could reduce the defendant's sentence to time served, and then include home detention as a condition of supervised release. See, e.g., United States v. Park, 456 F. Supp. 3d 557, 563 (S.D.N.Y. 2020). But, for the reasons explained above, the defendant has failed to show that the Court should order that the defendant's sentence be reduced, and this request is therefore also **denied.**

## CONCLUSION

For the reasons explained above, the defendant's motion for compassionate release or a release to home confinement is

5

**denied.** The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the defendant and to note service in the docket.

SO ORDERED.
Dated:     New York, New York
           June 10, 2022

                                        John G. Koeltl
                              United States District Judge